```
                       UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT

------------------------------x
                              :
KELLY ANN ANDERSON            :         Civ. No. 3:15CV01022(SALM)
                              :
v.                            :
                              :
CAROLYN W. COLVIN, ACTING     :
COMMISSIONER OF SOCIAL        :
SECURITY                      :         October 26, 2015
                              :
------------------------------x
```

### RULING ON AMENDED MOTION TO REMAND TO AGENCY

The Defendant's Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant **[Doc. #9]** is hereby **GRANTED** pursuant to sentence four of 205(g) of the Social Security Act, 42 U.S.C. §405(g), with the consent of the plaintiff.

Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. §405(g), and in light of the parties' joint request to remand this action for further administrative proceedings, the Court hereby reverses the Commissioner's decision and orders a remand of this case to the Commissioner for further proceedings. See Shalala v. Schaefer, 509 U.S. 292 (1993); Melkonyan v. Sullivan, 501 U.S.

89 (1991).

Upon remand, the Appeals Council will remand this case to an administrative law judge. The plaintiff will be given an opportunity for a new hearing and to submit additional evidence in accordance with 20 C.F.R. §405.331 and 405.350. The ALJ will reassess the plaintiff's maximum residual functional capacity, and in so doing, reevaluate the medical and other opinions of record. The ALJ may also obtain, if necessary, vocational expert testimony to determine whether plaintiff can perform past relevant work and/or make an adjustment to other work that exists in significant numbers. The ALJ will issue a new decision.

The clerk of the Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

This is not a Recommended Ruling. The parties consented to the entry of a final order and judgment by a Magistrate Judge on October 16, 2015. [Doc. #9].

SO ORDERED at New Haven this 26th day of October 2015.

                                         /s/
                            SARAH A. L. MERRIAM
                            UNITED STATES MAGISTRATE JUDGE